S. H. KRESS & CO. *v.* UNITED STATES (No. 3879)[1]

[1] T. D. 47767.

112 

United States Court of Customs and Patent Appeals, June 10, 1935

*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *Ralph Folks,* special attorney, of counsel), for the United States

[Oral argument May 29, 1935, by Mr. Sharretts and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This appeal casts upon this court the always unpleasant duty of considering an assignment of error alleging abuse of discretion on the part of the trial court in refusing appellant's petition for rehearing.

The facts will be summarized as briefly as clearness will admit.

In 1930 and 1931 two importations were made by appellant, through the port of San Francisco, Calif., of merchandise invoiced as "straw hat candy containers." The articles are in the shape of miniature straw hats with oval-shaped cardboard boxes tightly fitted into their crowns, each box being about 4⅞ inches by 3½ inches by 2 inches in dimension. The box is open at the top and the open top, in its normal position, is adjacent the inner side of the top of the hat. The box is suitable for use as a container. Treating the article as a whole, the component material of chief value is straw, this having been a matter of stipulation accepted by the trial court in protest 551541–G, hereinafter discussed.

Separate entries of the two importations were duly made, and the straw hat candy containers in both entries were classified, by the Collector of Customs, as "toys" under paragraph 1513 of the Tariff Act of 1930, duty being taken at 70 per centum ad valorem.

In both instances the importer protested, claiming alternatively under either of several designated paragraphs of the said act.

The protest in one case took the number of 551541–G; that of the other, the number of 551542–G.

Hearing in New York City was requested in the protests, and granted. When the cases were called for the taking of testimony protestant's counsel moved to consolidate them, which motion was

allowed without objection. Counsel then offered in evidence samples of the merchandise stated to have been forwarded by the examiner at the port of San Francisco, the sample to be used in protest 551541–G to be marked as Exhibit 1, and the sample for use in protest 551542–G to be marked as Exhibit 2. There was no objection to the receipt of the samples and the record states:

The same were received in evidence and marked Exhibits 1 and 2, Protest. 551541–G, of this date.

Counsel for appellant then directed the attention of the court to the fact that Exhibit 2 did not have a cardboard box in it, and counsel for the Government declined to agree, at that time, that, as imported, "there was a box in Exhibit 2, or a covering like Exhibit 1."

Counsel for appellant thereupon requested that the consolidation of the protests be set aside, to the end that the trial of protest 551541–G might be proceeded with and the trial as to protest 551542–G continued. This was granted and Exhibit 2 was withdrawn.

The trial of protest 551541–G was proceeded with, evidence being taken. It culminated in a decision rendered December 22, 1933, the decision being unanimous, holding the merchandise classifiable under paragraph 1537 of the Tariff Act of 1930 and dutiable at 25 per centum ad valorem. This having been one of the claims of the importer in its protest, judgment was entered as a result of which, presumably, the importer has been repaid the monies erroneously exacted of it in that case by the collector. The decision appears as Abstract 26350, 65 Treas. Dec. 1164.[1]

Protest 551542–G, so far as the record shows, remained in a state of "suspended animation" until November 8, 1934, when there was filed in the trial court a stipulation reading as follows:

---

Stipulation.

UNITED STATES CUSTOMS COURT, FIRST DIVISION.

San Francisco. Protest Number 551542–G. Docket
 Subject: "Toys."

S. H. Kress & Co., *Plaintiff,*
*vs.*
United States, *Defendant.*

It is stipulated and agreed, by and between the parties hereto, that the merchandise covered by item number K41 on the invoice of Entry No. 2797, consists of straw hat candy containers, identical in all respects with the merchandise the subject of *Abstract 27675,* wherein said merchandise was held to be properly dutiable at 25 per cent under Paragraph 1537 of the Tariff Act of 1930.

---

[1] The decision in the case obviously was an important one in that it determined a question of classification *de novo* and established a precedent as to the merchandise involved, but the full opinion of the trial court has not been printed in TREASURY DECISIONS. The case appears only as Abstract 26350, 65 Treas. Dec. 1164.

114

It is further stipulated and agreed, by and between the parties hereto, that the record in said *Abstract 27675* may be made a part of the record in the present case and that this case may be deemed submitted on this stipulation.

The right to amend and the calendar call are hereby waived.

SHARRETTS & HILLIS,

S. H.,

*Attorneys for Plaintiff*.

RALPH FOLKS,

*For Asst. Atty. General, Attorney for Defendant*.

O. K.

 K. M. J.,
 *Ex. of Mdse.*
 C. J. EVANS,
 *Appraiser.*

Accompanying the stipulation and filed therewith was a letter reading:

*Re* Protest Number 551542–G (San Francisco), S. H. Kress & Co.

I have read the stipulation and am familiar with the merchandise covered by the decision cited therein. I have personally passed upon the item covered by the stipulation and have seen samples of said item.

It is my opinion that the item covered by the stipulation is similar in all material respects to the merchandise covered by the test case.

K. M. JOHNSON,

*Examiner of Mdse.*
(Title.)

It will be observed that we have italicized the word and numerals, "Abstract 27675" appearing in the stipulation, *supra*. This we have done because they constitute the petard by which appellant found itself hoisted in the decision of the trial court.

According to statements and concessions made before this court, the stipulation in question was prepared by counsel for appellant and submitted to Government counsel. Government counsel referred it to the customs officials at San Francisco and, upon its receiving the approval of the examiner and appraiser, signed it.

As was made to appear in the petition for rehearing, counsel for appellant did not intend, in preparing the stipulation, to name Abstract 27675, but did intend to name Abstract 26350, which was an abstract of the decision relating to protest 551541–G, the history of which already has been given.

The stipulation, it will be observed, states that the merchandise "consists of straw hat candy containers." There is nothing in Abstract 27675 to indicate that the merchandise there involved consisted of straw hat candy containers. As a matter of fact, it does not appear in the abstract itself just what sort of containers were involved. The abstract says,

While a small amount of candy may be placed in them there was nothing to show that they are primarily used for that purpose,

and, apparently it was held that the importer in that case, which was protest 488470–G/9195 of the American Import Co. (New Orleans),

failed to prove the articles involved were not chiefly used by children for amusement. So, the court there overruled the protest, and the collector's classification of the merchandise as toys was upheld, so far as that case was concerned.

By the terms of the stipulation, the record in protest 488470–G was made a part of the record in the instant case. This also was a mistake, it having been the intention to include simply the record in protest 551541–G. However, it is legally here and was before the trial court, and an examination of the exhibits filed therein shows that the containers, in fact, consisted of figures of rabbits, chickens, etc., made of earthy and mineral substances, containing no straw.

Protest 551542–G—the instant case—was assigned to the same (first) division of the court which had decided the issues involved in protests 488470–G and 551541–G, and preparation of the opinion fell to the same judge who had prepared the opinions in those cases. Only two judges of the division seem to have participated in the decision of the instant case, and both wrote opinions.

It is evident that the case was tried without any briefs or oral argument on the part of counsel for either party. It is fairly presumable that counsel for both parties, being unconscious of the mistake in the stipulation, took it for granted that the decision in protest 551541–G was controlling and that the case on trial would be disposed of somewhat summarily and in importer's favor.

It was disposed of somewhat summarily, but not in importer's favor.

The writer of the leading opinion quoted the stipulation and an excerpt from Abstract 27675, and then said:

It will be observed that there is a clear misstatement of fact in the foregoing stipulation. The straw hat containers in the abstract cited were *not* held therein "to be properly dutiable at 25 percent under Paragraph 1537 of the Tariff Act of 1930"; yet on the margin of the stipulation appears in red ink the words "O. K., K. M. J., Ex. of Mdse. C. J. Evans, Appr." * * * .

The letter of Mr. Johnson was then quoted in full, as it appears, *supra*, and the opinion concluded:

The protest is overruled. Judgment for defendant.

The other judge who participated said, in a concurring opinion:

If further evidence was needed to demonstrate the unreliability of the practice followed by counsel for the Government of uniting in stipulations based upon the O. K.'s of examiners, and even appraisers, it is furnished in this case. If the stipulation herein had been accepted by the court at its face value the court would have been led to render a judgment based upon statements in the stipulation which are not in accordance with the facts, and, in addition, would in effect have been directing the payment of money from the public treasury without any basis in truth for such action.

The decision was rendered December 3, 1934, and shortly thereafter—the exact date does not appear—counsel for appellant filed

notice of an intention to apply for a rehearing, and petitioned that, pending such motion and its determination, the decision be not printed in the weekly TREASURY DECISIONS.

That petition was denied, and the opinion appeared as T. D. 47396 at page 17 of the weekly copy of TREASURY DECISIONS issued December 13, 1934.

On December 22, 1934, appellant filed its petition for rehearing, alleging clerical error in citing Abstract 27675 and pointing out that it should have been Abstract 26350. It was made clear in the petition that no straw hat candy containers were involved in Abstract 27675, and it was, in effect, alleged that only Abstract 26350, which the same division had decided, could be applicable. The petition was timely filed, verified by oath, and, so far as we can discern, any reasonable construction of it indicates compliance with the rules of the United States Customs Court relating to rehearings. There was no suggestion on the part of the court that its rules had not been complied with.

The Government was served with notice of the petition and interposed no objection to it.

A majority of the court denied the petition. However, the third judge of the division, who had not participated originally, took part in the consideration of the petition for rehearing and dissented from the action of his associates in denying it. He refers to the error as to the abstract cited in the stipulation as "self-evident"; states,

I see no attempt upon the part of counsel for either side or upon the part of the Government officials to put anything over or to make any false statements;

quotes the pertinent part of section 518 of the Tariff Act of 1930, relating to the granting of rehearings or retrial by the United States Customs Court, and concludes:

I think the ends of justice require a rehearing here.

The Government appears in this court substantially acquiescing in all material contentions of appellant.

We make no criticism of the trial court because of its original judgment, but we do not wish to be understood as approving the sharp criticisms of counsel and of Government officials, implied in the opinions, especially in the concurring opinion quoted, *supra*.

This court has repeatedly held, upon both reason and authority, that it is proper that counsel enter into stipulations of fact in the manner which was here attempted. *Pacific Trading Co.* v. *United States*, 19 C. C. P. A. (Customs) 361, T. D. 45508, with authorities there cited.

The stipulation attempted to be made here was purely one of fact and no sound reason exists for denying the right to make it, and, like the dissenting judge below, we see no reason for assuming any

intent on the part of counsel to deceive the court or do injustice to either the Government or the importer.

Although we indulge no criticism of the trial court for reaching the *conclusion* which it reached in its first decision, it is true that if the *record* in protest 488470–G, made a part of the record in this case, had been scrutinized, the character of the merchandise there involved probably would have been detected and the true situation would have appeared. Under such circumstances there would have been no impropriety in the court directing the attention of counsel to the mistake and permitting its correction. *But the court was not responsible for the mistake. It was a mistake of counsel,* and a court— particularly so busy a court as the United States Customs Court— should not be expected to do work properly belonging to counsel.

We may not, however, in justice close our eyes to the *result* of the judgment. If the court was correct in its decision in protest 551541–G, which, for the purposes of this case, we assume to be true, no appeal having been taken by the Government, then the taxpayer, by the decision in the instant case, will, if the decision stands, be denied the recovery of monies "illegally" exacted of it by the Collector of Customs.

Had the trial court so much as intimated a doubt relative to the correctness of its decision in protest 551541–G, we might feel constrained to take a different view of the issue which arises upon the question of rehearing, but nothing of that nature was suggested in either of the opinions.

Under the facts presented, duty requires us to hold that the court committed reversible error in denying the petition for rehearing and that its decision thereon should be *reversed,* with a *remand* of the cause, to the end that the true facts may be established and the case decided in accordance therewith.

It is so *ordered.*